Curia, per
Nott, J.
I concur in the general course of respecting which different opinions have been entertained. In the cases of Hackley v. Patrick, 3 Johns. Rep. 536, Smith v. Ludlow, 6 Johns. Rep. 267, and Chardon v. Calder, &c. 2 Const. Rep. Tread. Edit. 685, the Court seem-reasoning which the Chancellor has adopted in this case, and the conclusion at which he has arrived. How far t]10 acknowledgments of one partner of the existence and amount of a debt may be evidence to bind another, after a dissolution of the copartnership, is a question ed to have thought that the confession of one could not bind the other. But in the cases of Wood v. Braddick, 1 Taunt. 104, Simpson & Morrison v. Geddes, 2 Bay, 533, and Reimsdyk v. Kane and others, 1 Gallison, 630, contrary opinions are expressed. Such evidence is unquestionably sufficient to save a case from the operation of J ..... . . the statute of limitations; and I think it admissible as to the existence of the debt, but I cannot think it conclusive. The Court must be allowed to give it such credit . . . . . . , only as under the circumstances it appears entitled to. ^ not think that it was sufficient in the present case to entitled the complainants to a decree. The defendants’ ancestor had been dead about twenty years when this bill was filed. How long the demand had existed before his- death does not appear. The acknowledg-mcnt relied on was made several years after his death by a partner, who afterwards became insolvent, and had 1 ' been dead several years before the filing of the bill. These defendants knew nothing of the transaction; they a therefore to call upon the plaintiffs to adduce some other evidence of the existence of the debt. And without such evidence the complainants had no right to expect a decree. The motion therefore must be refused.

Decree affirmed.